SANAZ DERAKHSHANI JAN
RICOLAWSUITSERVER@GMAIL.COM
P.O. BOX 363, TRABUCO CANYON, CA 92678
818-913-9338
IN PRO PER

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SANAZ DERAKHSHANI JAN<br>Plaintiff,<br><br>vs.<br><br>**DONALD J. TRUMP,** individually and in his official capacity as President of the United States of America;<br>**ROBERT ANDRES BONTA,** individually and in his official capacity as Attorney General of California;<br>**TODD WALLACE BLANCHE,** individually and in his official capacity as U.S. Attorney General;<br>**BILAL ALI ESSAYLI,** individually and in his official capacity as the First Assistant United States Attorney for the Central District of California;<br>**DONALD D. BARNES,** individually and in his official capacity as Sheriff of Orange County, California;<br>**JOHNNY CHAD BIANCO,** individually and in his official capacity as Sheriff of Riverside County;<br>**PATRICIA GUERRERO,** individually and in her official capacity as Chief Justice of California;<br>**JUDICIAL COUNCIL OF CALIFORNIA;**<br>**MARCELA EGGLETON,** individually and in her official capacity as manager, Leadership Support Services, Judicial Council of California; | Case No.:<br><br>**VERIFIED CONSOLIDATED INTERSTATE CIVIL RICO COMPLAINT**<br>**[18 U.S.C. §§ 1961, 1962(c), 1962(d), 1964(c)]**<br><br><br>**DEMAND FOR GRAND JURY AND JURY TRIAL** |

**SHEILA F. HANSON**, individually and in her official capacity as presiding Judge;
**MARIA D. HERNANDEZ**, individually and in her official capacity as former presiding Judge;
**TERRI FLYNN-PEISTER,** individually and in her official capacity as Assistant Presiding Judge;
**LAWRENCE PAUL YELLIN,** individually and in his official capacity as Supervising Judge - Felony Panel;
**DAVID A. HOFFER,** individually and in his official capacity as Judge;
**MICHAEL J. STRICKROTH**, individually and in his official capacity as Judge;
**LORI A. KIM,** individually and in her official capacity as commissioner;
**RICHARD J. OBERHOLZER,** individually and under color of authority;
**THE ORANGE COUNTY SUPERIOR COURT;**
and **DOES 1-100, inclusive,**

Defendants.

## I. JURISDICTION AND VENUE (INTERSTATE COMMERCE & RACKETEERING PROTECTION)

1. This Court possesses absolute federal question jurisdiction under **28 U.S. Code § 1331** and specific statutory civil enforcement jurisdiction under **18 U.S. Code § 1964(c)**.

2. The venue is proper in the Southern District of New York pursuant to **18 U.S. Code § 1965(a) and (b)** (RICO Nationwide Venue). The illicit enterprise composed of state and federal executives, presiding and supervising judges, county sheriffs, unassigned proxies, and corrupt court administrators has engaged in an organized multi-state conspiracy utilizing interstate wire

COMPLAINT

networks (**18 U.S.C. § 1343**) to execute public fraud, suppress federal whistleblowers, and extort compliance.

3. The direct, proximate, and intended effects of this racketeering pattern, specifically the deliberate paralysis of national sports medicine frameworks, safety protocols, and the resulting deaths of more than 14 athletes, have occurred nationwide, causing immediate operational disruptions to federal commerce, international regulatory monitoring, and critical institutional sporting assets extending nationwide, through 50 states.

4. Venue is further necessitated in this independent district because systemic public corruption, lobbying, bribery, violation of due process, obstruction of justice, continuous illegal actions, document forgery, and armed courthouse retaliation inside the California judicial system have completely destroyed Plaintiff's constitutional Right of Access to the Courts and Due Process within that state, rendering a fair trial in the local venue an absolute impossibility.

# **II.PARTIES**

1. **Plaintiff:**
   **SANAZ DERAKHSHANI JAN** has been residing in California.
1. **Defendant:**

   **DONALD J. TRUMP,** individually and in his official capacity as President of the United States of America, has been residing in Washington DC.

2. **Defendant:**

   **ROBERT ANDRES BONTA,** individually and in his official capacity as Attorney General of California, has been residing in California.
3. **Defendant:**

   **TODD WALLACE BLANCHE,** individually and in his official capacity as U.S. Attorney General, has been residing in Washington DC.

**4. Defendant:**

**BILAL ALI ESSAYLI,** individually and in his official capacity as the First Assistant United States Attorney for the Central District of California, has been residing in California.

**5. Defendant:**

**DONALD D. BARNES,** individually and in his official capacity as Sheriff of Orange County, California, has been residing in California.

**6. Defendant:**

**JOHNNY CHAD BIANCO,** individually and in his official capacity as Sheriff of Riverside County, has been residing in California.

**7. Defendant:**

**PATRICIA GUERRERO,** individually and in her official capacity as Chief Justice of California, has been residing in California.

**8. Defendant:**

**JUDICIAL COUNCIL OF CALIFORNIA;**

**9. Defendant:**

**MARCELA EGGLETON,** individually and in her official capacity as manager, Leadership Support Services, Judicial Council of California, has been residing in California.

**10.Defendant:**

**SHEILA F.  HANSON**, individually and in her official capacity as presiding Judge, has been residing in California.

**11.Defendant:**

**MARIA D. HERNANDEZ**, individually and in her official capacity as former presiding Judge, has been residing in California.

COMPLAINT

**12.Defendant:**

**TERRI FLYNN-PEISTER,** individually and in her official capacity as Assistant Presiding Judge, has been residing in California.

**13.Defendant:**

**LAWRENCE PAUL YELLIN,** individually and in his official capacity as Supervising Judge - Felony Panel, has been residing in California.

**14.Defendant:**

**DAVID A. HOFFER,** individually and in his official capacity as Judge, has been residing in California.

**15.Defendant:**

**MICHAEL J. STRICKROTH**, individually and in his official capacity as Judge, has been residing in California.

**16.Defendant:**

**LORI A. KIM,** individually and in her official capacity as commissioner, has been residing in California.

**17.Defendant:**

**RICHARD J. OBERHOLZER,** individually and under color of authority, has been residing in California.

**18.Defendant:**

**THE ORANGE COUNTY SUPERIOR COURT;**

**19.Defendants:**

Plaintiff is ignorant of the true names and capacities of DOES 1 through 100 and sues them by fictitious names. Plaintiff will amend when ascertained**.**

## II. THE RICO ENTERPRISE AND THE PATTERN OF RACKETEERING

1. At all times relevant, Defendants associated in fact as an illicit, multi-county enterprise under **18 U.S.C. § 1961(4)**. This enterprise used the structural channels of the California judicial, executive, and federal law enforcement networks to run an organized "Gatekeeping Retaliation" ring across Riverside, Orange, and Los Angeles counties to insulate a sports-medicine and pharmaceutical mafia from public trial.

2. This pattern of racketeering activity affects interstate commerce and constitutes continuous violations of **18 U.S.C. § 1343 (Wire Fraud)**, **18 U.S.C. § 1512 (Witness Retaliation & Obstruction)**, and **18 U.S. Code § 242 (Deprivation of Rights Under Color of Law)**.

## III. FACTUAL MATRIX: THE REVOLVING DOOR OF ARMED COURTHOUSE RETALIATION

1. Plaintiff, Dr. Sanaz Derakhshani Jan, is the founder and CEO of the United States Sports Medicine Federation and Vice President of both the United States and World Air Sports Federations. The World Air Sports Federation manages sports-related matters in 134 countries worldwide.

2. Plaintiff and her fiancé became the targets of the Defendants and corrupt government officials because they stood for justice, honor, safety, health, public benefits, and the protection of U.S. constitutional rights.

COMPLAINT

3. Specifically, they reported crimes, illegal activities, corruption, and regulatory violations within the pharmaceutical and sports industries, as well as the community, to the appropriate federal and state authorities since 2023.

4. As a direct result of these reports, Plaintiff and her fiancé have suffered, and continue to suffer, extensive and irreparable harm and damages to their private and professional lives.

5. Plaintiff and her fiancé serve as leaders of national and international sports-related organizations and are vital to the national assets and interests of the United States.

6. Plaintiff's fiancé is a champion of the United States, a holder of 34 medals and 30 trophies, and the first athlete to achieve first place for the United States in the air sport's history.

7. The unlawful pattern of conduct targeting Plaintiff under the Racketeer Influenced and Corrupt Organizations (RICO) Act has caused devastating, irreparable injury to her private and professional life.

8. Plaintiff's active civil RICO Act action, Case No. 30-2026-01557392-CU-RI-CXC in the CA Orange County Superior Courthouse, was initially assigned to Judge **David A. Hoffer** in Department CX103, and he is the assigned judge in the court system still, but numerous judges' names appeared on different minutes orders on this case and shuffled the case to different courtrooms. This is the most recent case that RICO Act happened it in, and these defendants committed severe crimes. At all times, Plaintiff possessed prior granted fee waivers from both the trial court and the Court of Appeal in the other cases,

reflecting a deteriorating financial status caused directly by the defendants' underlying offenses. Plaintiff, as a professional person, is a target of these RICO members, and they directly financially targeted her through her profession and organizations.

9. Plaintiff formally informed **Defendant Robert Andres Bonta** and **Defendant Bilal Ali Essayli**, providing absolute documentation of systemic public crimes and ongoing courthouse fraud. Instead of executing their non-discretionary duties, Defendants Bonta and Essayli entered into a conspiratorial agreement with the enterprise, taking the criminal side to weaponize their offices, including the exploitation of federal authority within the Central District of California, and actively forced Plaintiff to dismiss her prior complaints without prejudice, acting as a protection unit to insulate co-conspirators from federal investigation.

10. **Todd Wallace Blanche**, in his capacity as U.S. Attorney General, allegedly misused his position by traveling to California to interfere with Plaintiff's case. This occurred a few days before the first scheduled hearing. Specifically, four days before the hearing, Donald J. Trump removed Pamela Jo Bondi from her position as U.S. Attorney General.

11. **Todd Wallace Blanche,** rather than properly investigating the complex allegations in State Case No. 30-2025-01529639-CU-MC-CJC (*Sanaz Derakhshani Jan v. Pamela Jo Bondi, et al.*), Mr. Blanche acted pursuant to a preset plan and conspiracy. He unlawfully influenced Plaintiff's case to shield the defendants, including himself. He did so through a meeting with the FBI, **Bilal Ali Essayli**, and other corrupt government officials. Through organized

lobbying and conspiracies, they sought to dismiss the case. This action followed a defective and unlawful removal to federal court under Case No. 8:26-cv-00072-SVW-JDE and changed the case name, which was executed to destroy and terminate the case in violation of Plaintiff's constitutional, statutory, and civil rights. Severe crimes happened in this case, and it is active in the 9th Circuit Court of Appeals with Court of Appeals Docket #: 26-2503, who are covering up all these criminals and corrupt government officials since last year, not just in this case but also in other cases.

12. To maintain this blockade, the enterprise routed Plaintiff's file to one of the Defendants, **Lori A. Kim**, a commissioner who maintains an inactive license and cannot practice law within the State Bar of California rules, and is legally disqualified from exercising any judicial authority for being a defendant and holding an inactive license. Operating under a direct conflict of interest, Defendant Kim illegally denied Plaintiff's statutory fee waiver. Upon discovery, Defendant Kim executed a silent recusal to avoid exposure. The file was then routed to Defendant **Richard J. Oberholzer** after a court silence for more than two months, a retired citizen without a publicly verifiable assignment order from the Chief Justice of California.

13. **Note:** Plaintiff constantly informed the **CA Attorney General Robert Andres Bonta** about all these criminal activites withing judicial system and government offices, but he did nothing and continued to cover up crimes, corruption, and criminals.

14. To cover up this breakdown, **Defendant Patricia Guerrero**, **Defendant Marcela Eggleton**, current **Presiding Judge Sheila F. Hanson**, **Former**

**Presiding Judge Maria D. Hernandez**, and **Assistant Presiding Judge Terri Flynn-Peister** actively facilitated or turned a blind eye to these systemic courthouse frauds, obstruction of justice, and document fabrications. These Defendants willfully and intentionally misused their official positions to shield themselves and other co-conspirators from law enforcement and prosecution. This matter, Case No. 30-2026-01557392-CU-RI-CXC, involves a Significant civil Racketeer Influenced and Corrupt Organizations (RICO) enterprise with a criminal nature consisting of more than 600 defendants, including numerous high-ranking government officials. The Defendants acted in their own interests and in favor of the enterprise by utilizing lobbying, bribery, improper career promotions, and other illicit rewards promised in exchange for dismissing the underlying actions and insulating corrupt actors.

15. Defendant **Guerrero** possessed direct, actual knowledge of these operations, having received formal, comprehensive reports from Plaintiff more than one year prior detailing identical operations inside the Palm Springs courthouse. Instead of intervening, these administrative judicial leaders insulated the violators and promoted corrupt state personnel.

16. **This systematic corruption within the government has been extensively documented by Plaintiff. As a direct result of gathering and reporting this evidence, Plaintiff received life-threatening messages and was subjected to multiple physical attempts on her life. These threats expressly commanded Plaintiff to dismiss her lawsuits, follow the enterprise's instructions, leave the State of California, and separate from her fiancé, under the explicit threat that non-compliance would result in her death by the Defendants and other members of the RICO enterprise.**

COMPLAINT

17. **Plaintiff was forced to dismiss her previous legal actions due to constant, severe retaliation and harassment. Specifically, Plaintiff and her fiancé received continuous life-threatening messages. Furthermore, the Defendants of these dismissed cases slashed the brand-new tires on their vehicle in an intentional attempt to cause a fatal traffic accident. The Defendants also orchestrated various schemes to entrap Plaintiff at her workplace, unlawfully breached her bank accounts to steal funds, and engaged in a pattern of fraud, severe criminal activities, harassment, abuse, and conspiracies targeting Plaintiff, her fiancé, and their private and professional lives.**

18. **The corrupt and criminal Defendant, Sheriff Johnny Chad Bianco,** was informed through multiple official channels that the lives of Plaintiff and her fiancé were in imminent danger.

19. **Defendant Bianco** was explicitly notified that these life-threatening messages and physical attempts required immediate escalation to federal authorities for investigation, given Plaintiff's active lawsuits against corrupt government officials, judges, and RICO enterprise members.

20. **Because Defendant Bianco** is a primary corrupt actor and a culpable defendant in Plaintiff's main RICO **Case No. 30-2026-01557392-CU-RI-CXC**, which the Defendants have sought to destroy, he acted to conceal the conduct of all co-defendants.

21. **Defendant Bianco** intentionally failed to protect Plaintiff and her fiancé, refused to initiate an investigation into the threatening communications, and

committed numerous serious crimes to insulate the enterprise from exposure since 2023.

22. **Donald J. Trump** is a key member of the alleged Racketeer Influenced and Corrupt Organizations (RICO) enterprise who coordinated and ordered conspiracies through **Todd Wallace Blanche** and the remaining Defendants to destroy these actions, thereby preventing Plaintiff from vindicating her rights and opposing injustice, crime, and corruption. This coordinated influence is the primary reason the Defendants openly violate Plaintiff's rights to the maximum extent within the judicial system.

23. Specifically, the Defendants orchestrated a scheme to entrap Plaintiff in an unregistered, unauthorized, and unlawful courtroom, Courtroom C09 at the Central Justice Center (CJC), presided over by a retired citizen, Defendant Richard J. Oberholzer. This proceeding occurred without a publicly verifiable assignment order from the Chief Justice of California, and was designed to frame Plaintiff through organized conspiracies and direct orders from Donald J. Trump and other corrupt government officials. Consequently, the California state judicial system does not provide a safe or adequate forum for Plaintiff, leaving her with no alternative but to file this civil RICO action within this specific jurisdiction and venue.

24. The enterprise then executed a final "phantom case shuffle" to destroy the file: **Supervising Judge - Felony Panel Lawrence Paul Yellin** manipulated the logs to bypass Judge Hoffer's court, placing Defendant Oberholzer on the physical bench of Department C15 (the courtroom of Judge Michael J. Strickroth) to issue unauthorized orders without a valid assignment order. But

when the plaintiff realized that Defendant Oberholzer is a retired citizen and there is no record of an assignment order, and asked for the document and her legal rights, they set up plans and conspiracies, and came up with the dark and unregistered courtroom C09 conspiracy to not destory the case but accuse and abuse and frame the plaintiff to whatever they wish to make her unable to seek justice and rights.

25. **On June 12, 2026**, Plaintiff entered the Orange County Central Justice Center to file her statutory Form CIV-110 Request for Dismissal without prejudice. When the clerk personnel realized their structural forgery was caught on the record and they would not be able to complete their setup plans and conspiracies, the clerk supervisor, Joanny, actively attempted to frame Plaintiff and paged armed deputies operating under the direct command policies of **Defendant Donald D. Barnes** in the orange County to encircle and threaten Plaintiff. Responding deputies participated in the encirclement and tactical intimidation at the counter, yet upon a full review of the physical data contradictions, law enforcement was forced to permit the entry of Plaintiff's **Form CIV-110 Request for Dismissal WITHOUT PREJUDICE**, instantly destroying the state court's jurisdiction under **CCP § 581(b)(1)**.

26. On June 24, 2026, acting under direct retaliatory instructions from **Defendant Donald J. Trump** to freeze the case and protect high-ranking officials from prosecution, Defendant Oberholzer issued a fraudulent **post-dismissal** "Minute Order" out of a fabricated Department C09. This order relies on a fraudulent misapplication of *Bravo v. Ismaj* to try and force a non-party to attend a sham hearing on June 29, 2026, explicitly to issue an illegal pre-filing restriction and arrest warrant. Defendant Oberholzer is actively accepting

bribes and acting as a de facto defense attorney for the co-defendants, violating **18 U.S. Code Chapter 73 (Obstruction of Justice)**.

27. These defendants in this legal action **consistently and constantly** violate the plaintiff's constitutional, statutory, and civil rights by violation of due process in numerous ways, prevention of equal protection and access to court and justice, **Violation of Civil Rights – 42 U.S.C. § 1983**. Some of the defendants, acting under color of law, violated Plaintiff's rights under:

• First Amendment

• Fourth Amendment

• Fifth Amendment

• Fourteenth Amendment, including:

> • Retaliation
> • Conspiracies
> • Threat to death
> • Violation of equal protection, due process, and unalienable rights
> • violation of constitutional processes, obstruction of justice
> • And more

## IV. STATUTORY INJURY TO BUSINESS AND PROPERTY (14 ATHLETE DEATHS)

1. By running this continuous, multi-county judicial block, the enterprise directly paralyzed Plaintiff's professional operations. The deliberate destruction of her legal filings prevented Plaintiff from executing her non-discretionary duties to protect athletes and implement critical safety measures within the World and U.S. Air Sports Federations and U.S. Sports Medicine Federation.

2. As a direct result of this organized gatekeeping fraud, **fourteen (14) athletes have tragically died nationwide within the last 60 days alone**. This figure does not represent the comprehensive total of deaths recorded from 2023 to the present. Furthermore, **ten (10) new sports disciplines scheduled for Olympic expansion have been completely frozen**, thereby destroying vital United States national assets.

3. All named Defendants are liable for the willful and intentional violation of due process and the obstruction of justice in Plaintiff's legal actions.

4. This unlawful conduct directly caused the deaths of athletes and citizens nationwide and worldwide, while compromising the safety, security, and healthcare infrastructure dedicated to athletes, public health, and national interests.

5. These actions have resulted in **total monetary damages exceeding 36 trillion dollars**, which Plaintiff will substantiate through undeniable documentary evidence presented to the Court and jury at trial.

6. **Plaintiff possesses hundreds of pieces of legitimate, substantial evidence and documentary proof** implicating the Defendants, members of the RICO enterprise, and corrupt government officials.

7. Because of this extensive documentation, Plaintiff received explicit life-threatening messages demanding the dismissal of her lawsuits under the threat of assassination by members of the RICO enterprise

COMPLAINT

8. The evidence in Plaintiff's possession is of such a nature that the Defendants cannot form a valid legal defense, causing them to submit fraudulent misrepresentations to the Court. **The Exhibits** in this legal action are a small partial amount of the plaintiff's evidence and documents against the defendants in this case, and the rest of the RICO members in the Case No. 30-2026-01557392-CU-RI-CXC. Plaintiff will be furnished and provid them to the court and jury trial later.

9. **To prevent this evidence from being exposed at trial, the Defendants are engaging in systemic criminal obstruction within the court system to force a dismissal at the absolute inception of the litigation.**

10. This fraudulent gatekeeping is designed to insulate the Defendants from the inevitable criminal exposure and liability that would result if the case proceeded to an open courtroom.

11. The Defendants **consistently and constantly** have caused extensive, irreparable harm and damage to Plaintiff's professional life, organization, and career, which directly impacts the health and safety of athletes and the public globally.

12. Consequently, the Defendants must be held fully accountable for all injuries and liabilities stemming from their unlawful acts, monetarily and punitively.

///

///

///

COMPLAINT

## V. CAUSES OF ACTION & PRAYER FOR RELIEF

1. Plaintiff alleges the **constant and continuous** violations of 1**8 U.S.C. § 1962(c) and (d)** by the Defendants. Because the Defendants acted without valid, case-specific orders, with inactive law licenses, under unconstitutional authority over post-dismissal sham hearings, and entirely outside all constitutional bounds, **they possess no judicial immunity, and their actions constitute severe criminal conduct.**

2. WHEREFORE, Plaintiff Dr. Sanaz Derakhshani Jan demands judgment against all Defendants in their individual and official capacities for compensatory damages exceeding 36 trillion dollars, subject to mandatory statutory trebling (triple damages) under **18 U.S.C. § 1964(c)**, and an immediate emergency injunction halting the June 29 state court proceeding.

3. Plaintiff reserves the right to amend or supplement this pleading as discovery progresses and new information is discovered

4. Plaintiff demands a grand jury investigation and a jury trial on all issues so triable in this action.

## VI. EXHIBITS

- **EXHIBIT A:** CA State forced dismissed lawsuit case No. 30-2026-01557392-CU-RI-CXC.
- **EXHIBIT B:** All documents submitted for dismissal without prejudice of the case No. 30-2026-01557392-CU-RI-CXC.
- **EXHIBIT C:** Donald D. Barnes Lawsuit in the CA OC Superior Court CJC.

- **EXHIBIT D:** Dismissal of the consolidated Donald D. Barnes and Lake Forest Sheriff Station lawsuit in the Central District Court of CA.
- **EXHIBIT E**: Lawsuit & dismissal of OC District Attorney / Todd Allan Spitzer
- **EXHIBIT F:** Lawsuit & dismissal of Baker Ranch Affordable LP
- **EXHIBIT G:** Lawsuit & dismissal of AMC- CA Inc., dba Apartment Management Consultants
- **EXHIBIT H:** Lawsuit & dismissal of Apartment Management Consultants LLC
- **EXHIBIT I:** Lawsuit & dismissal of  Arroyo at Baker Ranch
- **EXHIBIT J:** Lawsuit & dismissal of  Jacqueline C Clark
- **EXHIBIT K:** Lawsuit & dismissal of Judith C. Clark
- **EXHIBIT L:** Lawsuit & dismissal of Kevin Jeffrey Vert - State
- **EXHIBIT M:** Lawsuit & dismissal of Kevin Jeffrey Vert - Federal
- **EXHIBIT N:** Lawsuit & dismissal of James Hodgkins
- **EXHIBIT O:** Lawsuit & dismissal of Kira Lee Klatchko
- **EXHIBIT P:** Lawsuit & dismissal of Lake Forest Sheriff Station, part 1
- **EXHIBIT Q:** Lawsuit & dismissal of Lake Forest Sheriff Station,  part 2
- **EXHIBIT R:** Lawsuit & dismissal of Solari Enterprises Inc.
- **EXHIBIT S:** Official Letter to Donald J. Trump & proof of delivery
- **EXHIBIT T:** Email to Todd Wallace Blanche to report crimes & corruption
- **EXHIBIT U:** Email to Bilal Ali Essayli to report crimes & corruption
- **EXHIBIT V:** Complex Civil Lawsuit Case No. 30-2025-01529639 in CJC
- **EXHIBIT W:** Remand Request case 8:26-cv-00072-JWH-JDE (State Case No. 30-2025-01529639)
- **EXHIBIT X:** MOTION FOR CLARIFICATION AND DEMAND FOR STATEMENT OF DECISION REGARDING COURT ORDER DATED JUNE 2, 2026

- **EXHIBIT Y:** Objection to the denial of the remand sanction Motion
- **EXHIBIT Z:** Sanction Brief 8-26-cv-0072
- **EXHIBIT AA:** PLAINTIFF'S MOTION TO DISQUALIFY JUDGE WILSON
- **EXHIBIT BB:** NOTICE OF TOTAL LOSS OF JURISDICTION, S...IN CASE NO. 30-2026-01557392-CU-RI-CXC

Dated*:* June 25, 2026, California

Respectfully submitted,

/s/   _____

Dr. SANAZ DERAKHSHANI JAN
Plaintiff, Pro Se