SANAZ DERAKHSHANI JAN
RICOLAWSUITSERVER@GMAIL.COM
P.O. BOX 363, TRABUCO CANYON, CA 92678
818-913-9338
IN PRO PER

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SANAZ DERAKHSHANI JAN<br>Plaintiff,<br><br>vs.<br><br><br>**DONALD J. TRUMP,** individually and in his official capacity as President of the United States of America;<br>**ROBERT ANDRES BONTA,** individually and in his official capacity as Attorney General of California;<br>**TODD WALLACE BLANCHE,** individually and in his official capacity as U.S. Attorney General;<br>**BILAL ALI ESSAYLI,** individually and in his official capacity as the First Assistant United States Attorney for the Central District of California;<br>**DONALD D. BARNES,** individually and in his official capacity as Sheriff of Orange County, California;<br>**JOHNNY CHAD BIANCO,** individually and in his official capacity as Sheriff of Riverside County;<br>**PATRICIA GUERRERO,** individually and in her official capacity as Chief Justice of California;<br>**JUDICIAL COUNCIL OF CALIFORNIA;**<br>**MARCELA EGGLETON,** individually and in her official capacity as manager, Leadership Support Services, Judicial Council of California; | Case No.:<br><br><br>PLAINTIFF'S EMERGENCY OMNIBUS MOTION FOR A TEMPORARY RESTRAINING ORDER (TRO), PRELIMINARY INJUNCTION, AND DECLARATORY UNITED STATES OF AMERICA GOVERNMENT,  RELIEF TO VACATE POST-DISMISSAL ORDERS |

PLAINTIFF'S EMERGENCY OMNIBUS MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND DECLARATORY RELIEF PURSUANT TO THE UNITED STATES CONSTITUTION, THE SHERMAN ACT, AND THE TED STEVENS ACT

**SHEILA F. HANSON**, individually and in her official capacity as presiding Judge;
**MARIA D. HERNANDEZ**, individually and in her official capacity as former presiding Judge;
**TERRI FLYNN-PEISTER,** individually and in her official capacity as Assistant Presiding Judge;
**LAWRENCE PAUL YELLIN,** individually and in his official capacity as Supervising Judge - Felony Panel;
**DAVID A. HOFFER,** individually and in his official capacity as Judge;
**MICHAEL J. STRICKROTH**, individually and in his official capacity as Judge;
**LORI A. KIM,** individually and in her official capacity as commissioner;
**RICHARD J. OBERHOLZER,** individually and under color of authority;
**THE ORANGE COUNTY SUPERIOR COURT;**
and **DOES 1-100, inclusive,**

Defendants.

# PLAINTIFF'S EMERGENCY OMNIBUS MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND DECLARATORY RELIEF PURSUANT TO THE UNITED STATES CONSTITUTION, THE SHERMAN ACT, AND THE TED STEVENS ACT

## I. EMERGENCY RELIEF MANDATED

Plaintiff Dr. Sanaz Derakhshani Jan, appearing Pro Se in her individual capacity and as Chief Executive Officer of the United States Sports Medicine Federation (U.S.S.M.F.), hereby moves this Court for an immediate Temporary Restraining Order (TRO), a Preliminary Injunction, and an Omnibus Declaratory Order

pursuant to Federal Rule of Civil Procedure 65, 28 U.S.C. § 1651 (The All Writs Act), and the inherent equitable powers of the Federal Judiciary.

Plaintiff requests an immediate, self-executing federal decree:

1. **ENJOINING, STAYING, and PERMANENTLY VACATING** the completely unauthorized, extrajudicial "Vexatious Litigant Order to Show Cause (OSC)" scheduled for June 29, 2026, in Department C09 of the Superior Court of California, County of Orange, under Case No. 30-2026-01557392-CU-RI-CXC.

2. **DECLARING** that any post-dismissal filing restriction, pre-filing order, or adverse administrative title entered against Plaintiff by the state court or its unassigned personnel after June 12, 2026, is **VOID AB INITIO** for total absence of subject-matter and personal jurisdiction, and cannot be given full faith and credit under 28 U.S.C. § 1738.

3. **CONSERVING NATIONAL INTERESTS** by prohibiting local administrative actors from interfering with the sovereign health, safety, and regulatory mandates executed by the U.S.S.M.F. to protect American athletes.

## II. THE FOUR-FACTOR INJUNCTIVE STANDARD IS OVERWHELMINGLY MET

1. **Irreparable Harm (Deprivation of Due Process & Public Safety):** Allowing an unassigned civilian proxy to execute a bad-faith pre-filing restriction against a federal whistleblower causes permanent, incurable harm under the Fourteenth Amendment. Furthermore, obstructing Plaintiff's regulatory oversight directly compromises athlete health and safety, directly correlating with catastrophic, foreseeable athletic fatalities nationwide (including 14 deaths within the last 60 days alone).

2. **Probability of Success on the Merits:** The underlying state-level container was irreversibly terminated on June 12, 2026. Under statutory law, a court cannot maintain post-dismissal jurisdiction over a dead docket where no moving defendants have entered an appearance.

3. **Balance of Equities:** The state tribunal suffers zero prejudice by freezing a defunct case file. Conversely, Plaintiff faces total professional destruction and severe extrajudicial retaliation.

4. **Public Interest:** The public interest is profoundly advanced by protecting federal whistleblowers from state-level obstruction and ensuring national sporting properties are not insulated from civil and criminal RICO liability.

## III. ARGUMENTS & COMPREHENSIVE STATUTORY BARS

1. **Constitutional Deprivation Under Color of Law and Fraudulent Subversion of Dismissal**.

On June 12, 2026, Plaintiff exercised her absolute, non-discretionary right under California Code of Civil Procedure Section 581(b)(1) by entering a formal Form CIV-110 Request for Dismissal of the Entire Action Without Prejudice.

  * Under binding constitutional law, the filing of a voluntary dismissal instantly divests a trial court of all subject matter and personal jurisdiction, rendering any subsequent orders or hearings void on their face. (Gogri v. Jack in the Box Inc. (2008) 50 Cal. 4th 1133; Zapanta v. Universal Care, Inc. (2002) 102 Cal.App.4th 1).

  * The state court's bad-faith invocation of Bravo v. Ismaj (2002) 99 Cal.App.4th 211 to manufacture a phantom post-dismissal jurisdiction is a material misapplication of law. In Bravo, adversarial moving defendants had filed an active statutory motion *before* the dismissal. Here, there are no active defendants, no pending motions, and no proof of service. The state

court is acting Sua Sponte as a rogue, self-interested administrative actor, violating the Due Process Clause of the Fourteenth Amendment.

* Crucially, the state court's electronic docket criminally conceals that Plaintiff's prior dismissals were forced under extreme, extrajudicial physical duress, explicit death threats, and a literal flight for physical survival. Transforming a victim's flight from violent retaliation into a pretext for a "vexatious litigant" <u>designation is a structural fraud designed to manufacture a false record to frame the plaintiff and prevent her from seeking justice, her rights, and to flee defendants from the prosecution and law.</u>

**2. Violation of Congressional Sporting Mandates & National Interest Protections:**

The U.S. Olympic movement and national sports system constitute a public trust under Congressional mandate. The state court's attempt to unconstitutionally chill Plaintiff's filings directly sabotages national athletic assets and violates paramount federal structures:

* The Ted Stevens Olympic and Amateur Sports Act (36 U.S.C. §§ 220501–220529): This Congressional Act mandates the absolute protection of athlete welfare. The state court's obstruction allows uncertified corporate monopolies to bypass baseline physical, medical, and equipment safety auditing.

* The Protecting Young Victims from Sexual Abuse and Safe Sport Authorization Act (34 U.S.C. § 20341 et seq.): This federal statute imposes an absolute, non-delegable duty of care to prevent physical, emotional, and psychological harm to athletes. Local court administrators cannot leverage localized loop structures to silence the U.S.S.M.F., while systemic

administrative failures have resulted in widespread loss of life among elite athletic competitors.

**3. Restraint of Trade and Federal Antitrust Predication (15 U.S.C. §§ 1–2):**

Pursuant to the Sherman Antitrust Act (15 U.S.C. §§ 1–2), the target defendants are actively engaged in anti-competitive behavior, market exclusion, and unlawful monopolization of Olympic-related properties. The state court's automated, counterfeit calendar listing (Department C09) is being weaponized as an illegal restraint of trade to exclude the sports medicine federation with leadership and establishment of the plaintiff and  U.S. and World air sports Federations that established under authority of the plaintiff's fiance, who is the only U.S. Champion and has achieved a unique, proud first in the history of U.S. Sports, in favor of collusive arrangements with unchartered corporate entities.

**4. Civilian Simulation of Judicial Office and Federal Criminal Predication**

The retired civilian presiding over the defunct docket, Richard J. Oberholzer, lacks all adjudicative credentials. Under Article VI, Section 6 of the California Constitution, a retired judge holds zero jurisdiction unless actively assigned by a temporary order executed by the Chief Justice.

* Defendant Oberholzer's assignment explicitly expired on June 8, 2026. The deployment of an unassigned citizen in an unlisted courtroom to issue retaliatory orders constitutes an active civilian simulation of office, violating 18 U.S.C. § 1951 (The Hobbs Act) and triggering direct criminal liability under 18 U.S.C. § 241 (Conspiracy Against Rights) and 18 U.S.C. § 242 (Deprivation of Rights Under Color of Law).

* Furthermore, because Plaintiff has formally reported extensive corporate, pharmaceutical, real estate, tax, and public corruption directly to the DOJ and the FBI, Plaintiff is a protected federal whistleblower. The state court's

ongoing post-dismissal harassment constitutes a direct violation of 18 U.S.C. § 1512 (Witness and Whistleblower Tampering) and 18 U.S.C. § 1513 (Retaliation Against a Federal Witness).

## IV. CONCLUSION AND MANDATED RELIEF

An order issued by a tribunal lacking subject-matter jurisdiction is an absolute nullity. As a matter of law, a void order may be attacked anywhere, at any time, directly or collaterally. (People v. American Contractors Indemnity Co. (2004) 33 Cal. 4th 653).

Wherefore, Plaintiff respectfully requests this Court to issue an immediate Temporary Restraining Order and subsequent Preliminary Injunction ordering the state court to immediately cancel the June 29, 2026, hearing, and declare any past or future post-dismissal filing restrictions under state case number 30-2026-01557392-CU-RI-CXC to be completely null, void, and legally non-existent.

Dated*:* June 25, 2026, California

Respectfully submitted,

/s/ _____

Dr. SANAZ DERAKHSHANI JAN
Plaintiff, Pro Se

PLAINTIFF'S EMERGENCY OMNIBUS MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND DECLARATORY RELIEF PURSUANT TO THE UNITED STATES CONSTITUTION, THE SHERMAN ACT, AND THE TED STEVENS ACT