UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SANAZ DERAKHSHANI JAN,<br>Plaintiff,<br>-against-<br>DONALD J. TRUMP, individually; ET AL.,<br>Defendants. | 26-CV-5417 (LTS)<br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff a resident of California, brings this *pro se* action under the Racketeer Influenced and Corrupt Organizations ("RICO") Act. Named As Defendants Are: (1) Donald J. Trump, President of the United States of America; (2) Robert Andres Bonta, Attorney General of California; (3) Todd Wallace Blanche, United States Attorney General; (4) Bilal Ali Essayli, First Assistant United States Attorney for the Central District of California; (5) Donald D. Barnes, Sheriff of Orange County, California; (6) Johnny Chad Bianco, Sheriff of Riverside County; (7) Patricia Guerrero, Chief Justice of California; (8) Judicial Council of California; (9) Marcela Eggleton, Manager, Leadership Support Services, Judicial Council of California; (10) Sheila F. Hanson, Presiding Judge; (11) Maria D. Hernandez, former Presiding Judge; (12) Terri Flynn-Peister, Assistant Presiding Judge; (13) Lawrence Paul Yellin, Supervising Judge - Felony Panel; (14) David A. Hoffer, Judge; (15) Michael J. Strickroth, Judge; (16) Lori A. Kim, Commissioner; (17) Richard J. Oberholzer, Orange County Superior Court in California; and (18) Does 1-100.

Plaintiff alleges that Defendants have engaged in an "illicit, multi-county enterprise," using "the structural channels of the California judicial, executive, and federal law enforcement networks to run an organized 'Gatekeeping Retaliation' ring across Riverside, Orange, and Los Angeles counties to insulate a sports-medicine and pharmaceutical mafia from public trial."

(ECF 1 at 2.) Most of the approximately 1,300 pages of attachments to the complaint are documents from litigation in state and federal courts in California, arising from lawsuits in which Plaintiff has sued some of the same individuals named as Defendants in this complaint. (ECF 1-1 through 1-29.) According to Plaintiff, venue is proper in this district because of the "[n]ationwide" nature of the conspiracy, and because she cannot get "a fair trial" in California. (*Id.* at 2-3, 12.) Since filing this complaint, Plaintiff has filed supplemental documents and motions for emergency and other relief. (ECF 5-21.)

For the following reasons, the Court transfers this action, under 28 U.S.C. § 1406, to the United States District Court for the Central District of California.

**DISCUSSION**

Plaintiff brings her claims under the RICO Act, which includes its own venue provision. The venue provision provides that claims under the RICO Act "against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs." 18 U.S.C. § 1965(a). Venue for a RICO Act claim thus generally lies where a defendant resides or transact his affairs.

The general venue statute, 28 U.S.C. § 1391(b), provides that a federal civil action may be brought in a federal district court for a:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a

defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

With respect to Plaintiff's claims under RICO, she alleges no facts suggesting that any Defendant resides, is found, has an agent, or transacts his or her affairs in this District.[1] To the extent that Plaintiff's complaint may be construed as asserting claims other than those arising under the RICO statute, to which Section 1391 applies, Plaintiff does not allege that any Defendant resides in this District or that a substantial amount of the events or omissions giving rise to her claims occurred in this District. Plaintiff's assertions about the nationwide impact of the conspiracy, or being denied a fair trial in California, do not make this district a proper venue for her claims.

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Although venue may also be proper in the District of Columbia, where some Defendants maintain offices and conduct affairs, it is clear that venue is proper in the Central District of California. *See* 18 U.S.C. § 1965(a). Accordingly, venue lies in the Central District of California, 18 U.S.C. § 1965(a), and in the interest of justice, the Court transfers this action to the United States District Court for the Central District of California, 28 U.S.C. § 1406(a).

**CONCLUSION**

The Clerk of Court is directed to transfer this action to the United States District Court for the Central District of California. Whether Plaintiff should be permitted to proceed further

[1] This District, the Southern District of New York includes the following New York counties: New York, Bronx, Westchester, Putnam, Dutchess, Orange, Rockland, and Sullivan. *See* 28 U.S.C. § 112(b).

without prepayment of fees is a determination to be made by the transferee court. A decision on Plaintiff's other pending motions is also reserved to the transferee court. A summons shall not issue from this court. This order closes this case in this court.

Because Plaintiff seeks emergency injunctive relief, the Court directs the Clerk of Court to transfer this action to the District Court for the Central District of California immediately upon entry of this order; the Court waives the seven-day waiting period contained in Local Civil Rule 83.1.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: August 3, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge